UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PRINCE S. GBEYI,

    Plaintiff,

    v.

ANTHONY F. KPAYEA III and LIBERIAN COMMUNITY ASSOCIATION OF CENTRAL NEW JERSEY METROPOLITAN AREA.,

    Defendants.

Civil Action No. 22-6698 (RK) (TJB)

**OPINION**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Dismiss filed by *pro se* Defendants Liberian Community Association of Central New Jersey Metropolitan Area ("LCACNJMA") and Anthony F. Kpayea III, President of the LCACNJMA Board of Directors (collectively, "Defendants"). (ECF No. 7). Upon review of the docket, the Court has determined that it lacks subject matter jurisdiction over this case. For the reasons that follow, Prince S. Gbeyi's ("Plaintiff") Complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.

**I.**    **BACKGROUND**

    Plaintiff filed this action on November 21, 2022, arising out of Plaintiff's alleged unlawful removal as an officer of the LCACNJMA Board of Directors. ("Compl.," ECF No. 1 at 3.) The allegations contained in Plaintiff's Complaint are very brief and difficult to discern. Plaintiff, who is also *pro se*, alleges that he served as "co-chairment [sic]" of the LCACNJMA Board until he was "impinge in legally [sic]" by Defendant Kpayea and the other members of the LCACNJMA general body (*Id.*) Attempting to construe Plaintiff's Complaint liberally, the Court presumes

Plaintiff is attempting to allege that he was *impeached illegally*. Plaintiff alleges that, by impeaching him, Defendants violated Article XI (11.4 and 11.5) of the LCACNJMA Constitution. (*Id.*)[1] Article XI governs the impeachment of elected officers of the LCACNJMA Board: subsection 11.4 requires a "two thirds majority of active voting members in good standing present at a regulation meeting of the association . . . to impeach an elected officer," and subsection 11.5 requires that "any meeting with an article of impeachment on the agenda shall be publicized no less than thirty days . . . prior to said meeting." (ECF No. 1-3 at *32–33.) According to Plaintiff's Complaint, twenty-two LCACNJMA Board members signed a petition to impeach Plaintiff and remove him from his position on the Board. (Compl. at 3–4.) Plaintiff requests that the Court "look into the matter and the violation of the Constitution (Article XI, 11.4 + 11.5)" and that he be "reinstated back to [his] position." (*Id.* at 4.) Plaintiff also requests that the Court order Defendant Kpayea to "stop violating" the LCACNJMA Constitution. (*Id.*)[2]

## II.   LEGAL STANDARDS

### a.   SUBJECT MATTER JURISDICTION

Federal courts are courts of limited, not general jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986). A district court must have subject matter jurisdiction through "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Subject matter jurisdiction may be based on diversity of citizenship

---

[1] Plaintiff has attached a copy of the Constitution and By-Laws of the LCACNJMA to the Complaint. (*See* ECF No. 1-3.)
[2] On March 1, 2023, Defendants moved to dismiss. (ECF No. 7.) Defendants do not state a basis under Federal Rule of Civil Procedure 12 for dismissing this action. Instead, they argue that Plaintiff was "voted out of office by the General Body for failure to perform his duties and responsibilities and failure to support or partake in [the] Community's activities as a member of the board of directors" and ask that this "frivolous lawsuit" be dismissed because "[r]einstating [Plaintiff] will be a message that our organization is unable or unwilling to hold its leadership accountable." (*Id.* at 1–2.) Plaintiff did not respond to Defendants' motion to dismiss.

or on a federal question raised in the case. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter "is between citizens of different States." 28 U.S.C. 1332(a)(1). The party asserting diversity jurisdiction bears the burden of proof. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). A party meets this burden by proving diversity jurisdiction by a preponderance of the evidence. *McNutt,* 298 U.S. at 189. Federal question jurisdiction exists when a plaintiff asserts a claim "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law within the meaning of section 1331 when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation omitted); *see also Trent Realty Assoc. v. First Fed. Sav. & Loan Ass'n. of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981) (citation omitted) ("The federal question must appear on the face of a well-pleaded complaint.")

A district court must presume that it lacks jurisdiction over a matter unless jurisdiction is shown to be proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Moreover, a Court may raise the issue of its own subject matter jurisdiction *sua sponte* at any time. *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*"). It is well-settled that if a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Ben-Haim v. Neeman*, 543 F. App'x 152, 154 (3d Cir. 2013). As Plaintiff is proceeding *pro se*, the

Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

### III.   DISCUSSION

The Court finds that Plaintiff's Complaint fails to establish either diversity or federal question jurisdiction. Accordingly, it is appropriate to dismiss the Complaint *sua sponte* for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Plaintiff's Complaint indicates that the basis for jurisdiction is diversity of citizenship. (Compl. at 2.) However, for his own state of citizenship, Plaintiff writes, "Liberian," and for Defendants' state of citizenship, Plaintiff writes, "I donot [sic] know if he is a US or Liberian [citizen]." (*Id.* at 3.) Moreover, Plaintiff lists his address as "125 Watson Ave, Mercer Co. Hamilton NJ" and Defendants' address as "9 Summer Street, Mercer Co. Trenton NJ 08618." (*Id.* at 1, 2.) Further, Plaintiff does not include what amount of monetary compensation, if any, that he seeks—let alone demonstrates that the amount at stake in this litigation exceeds $75,000. (*Id.* at 4.) Instead, Plaintiff simply asks that the Court "look into the matter" and reinstate him back to his position as an officer of the LCACNJMA Board. The Court also notes that Plaintiff's Civil Cover Sheet lists both his and Defendant Kpayea's County of Residence as "Mercer County," does not check any box for Basis of Jurisdiction, does not check any box for Citizenship of Principal Parties, and lists nothing for Demands. (ECF No. 1-1 at 1.) Accordingly, the Court finds that Plaintiff has failed to meet his burden of establishing, by a preponderance of the evidence, that diversity jurisdiction exists in this case.

Nor does a basis for federal question jurisdiction appear on the face of Plaintiff's Complaint. Plaintiff does not check the box for Federal Question as being the basis for jurisdiction and does not provide any answer to the following question: "If the basis for jurisdiction is Federal

Question, what federal Constitutional, statutory or treaty right is at issue?" (Compl. at 2.) Plaintiff does not allege that Defendants violated the United States Constitution or any federal statute or treaty. Indeed, his Civil Cover Sheet lists "Violation of Article XI 11.4 + 11.5 of the [LCACNJMA] Constitution" as his cause of action. (ECF No. 1-1 at 1.) Even construing Plaintiff's Complaint liberally, there is no basis to find that federal law creates a cause of action for violations of a voluntary community group's Constitution or that any supposed right to relief under same depends on resolution of a substantial question of federal law.[3] Accordingly, the Court finds that it lacks subject matter jurisdiction over this case. This case, therefore, must be dismissed.

---

[3] This Court notes that Plaintiff's Civil Cover sheet checks the box for State Reapportionment as the Nature of Suit. (ECF No 1-1 at 1.) While congressional apportionment can be challenged in federal court under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, *see Allen v. Milligan*, 599 U.S. 1 (2023), there are no facts in Plaintiff's Complaint that pertain to same. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("A court may dismiss a federal claim for lack of subject-matter jurisdiction because of the inadequacy of the federal claim when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (citations omitted)).

## IV. CONCLUSION

For the foregoing reasons, the Court does not have subject matter jurisdiction over this case, and Plaintiff's Complaint is hereby **DISMISSED** without prejudice. An appropriate Order will accompany this Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: October 18, 2023